FILED
CLERK, U.S. DISTRICT COURT

OCT - 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY YUSUF SMITH,                  )    NO. ED CV 11-163-ABC(E)
                                      )
                Petitioner,           )
                                      )
        v.                            )    ORDER ADOPTING FINDINGS,
                                      )
JAMES A. YATES, Warden,               )    CONCLUSIONS AND RECOMMENDATIONS OF
                                      )
                Respondent.           )    UNITED STATES MAGISTRATE JUDGE
                                      )
_____     )

        Pursuant to 28 U.S.C. section 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  The Court approves
and adopts the Magistrate Judge's Report and Recommendation.

        IT IS ORDERED that Judgment be entered denying and dismissing the
Petition with prejudice.

///

///

///

///

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2  the Magistrate Judge's Report and Recommendation and the Judgment

3  herein on Petitioner, and counsel for Respondent.

4

5    LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7    DATED: _____ Oct 3 _____, 2011.

8

9

10    _____

11            AUDREY B. COLLINS
         UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JEFFREY YUSUF SMITH, | ) | NO. ED CV 11-163-ABC(E) |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION OF |
| JAMES A. YATES, Warden, | ) | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Audrey B. Collins, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on January 26, 2011. Respondent filed an Answer on May 16, 2011, contending, _inter alia_, that the Petition is untimely. Petitioner filed a Reply on August 10, 2011.

**BACKGROUND**

On December 14, 2005, in San Bernardino Superior Court case number FSB-33594, Petitioner pled guilty to one count of evading a peace officer in violation of California Vehicle Code section 2800.2(a), and admitted suffering two prior convictions qualifying as strikes under California's Three Strikes Law, California Penal Code sections 667(b) - (i) and 1170.12(a) - (d) (Answer, Ex. A, pp. 2-4, 18-19; Reporter's Transcript, Respondent's Lodgment 1 ["R.T."], pp. 14-15).[1]  On January 11, 2006, the court sentenced Petitioner to a term of twenty-five years to life (Answer, Ex. A, pp. 16-17; R.T. 19-20).

Petitioner did not appeal.[2]  On May 15, 2007, Petitioner filed his first habeas corpus petition in the San Bernardino Superior Court, bearing a signature date of January 4, 2007 (Respondent's Lodgment 2).

---

[1]  The Three Strikes Law consists of two nearly identical statutory schemes.  The earlier provision, enacted by the Legislature, was passed as an urgency measure, and is codified as California Penal Code §§ 667(b) - (i) (eff. March 7, 1994).  The later provision, an initiative statute, is embodied in California Penal Code § 1170.12 (eff. Nov. 9, 1994).  See generally People v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996).  Petitioner was sentenced under both versions (see Answer, Ex. A, p. 16).

[2]  Although the Petition states that Petitioner filed an appeal, the Petition references only two habeas petitions filed in the San Bernardino Superior Court, not an appeal filed in the Court of Appeal (see Petition, p. 2).  The Court takes judicial notice of the dockets of the California Courts of Appeal, which do not show that any person named Jeffrey Smith filed an appeal in case number FSB-33594.  See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court dockets).

The Superior Court denied the petition on August 16, 2007 (Respondent's Lodgment 3).  On June 1, 2009, Petitioner filed a habeas corpus petition in the California Supreme Court, bearing a signature date of May 26, 2009 (Respondent's Lodgment 4).  The California Supreme Court denied the petition on October 14, 2009.[3]

## FACTUAL BACKGROUND

The State charged Petitioner with burglary, evading an officer and receiving stolen property, and alleged that Petitioner had suffered two prior strikes (Answer, Ex. A, p. 106; Reporter's Transcript, Respondent's Lodgment 1 ["R.T."], p. 2).  The charges allegedly arose out of an incident in which a sheriff's deputy, in full uniform and driving a marked patrol car, observed Petitioner, wearing a mask, enter a car in the parking lot of a restaurant (R.T. 6).[4]  A vehicle pursuit ensued, during which Petitioner drove in excess of 80 miles an hour, weaving between lanes (R.T. 6).  When the chase ended, the deputy arrested Petitioner (R.T. 6).  Petitioner was photographed at the scene (id., p. 7).  Petitioner's car contained masks, gloves, a crowbar, a cash register, money drawers, and a

_____

[3]     The record does not contain a copy of the California Supreme Court's denial order.  The Court takes judicial notice of the California Supreme Court's docket in In re Jeffrey Y. Smith, case number S173337, available on the California Supreme Court's website at www.courts.ca.gov. (attached).  See Porter v. Ollison, 620 F.3d at 954-55 n.1.  The docket shows that the California Supreme Court denied the petition on October 14, 2009 (Lodgment 5).

[4]     The summary of the evidence is taken from the prosecutor's description of the evidence at the change of plea hearing (R.T. 6-9).

1    medicine bottle bearing the name of the restaurant owner (R.T. 7-9).

2    At the restaurant, deputies found shattered windows and doors, broken

3    glass, and a cash register and spilled money on the floor (R.T. 8).

4

5        On October 10, 2002, the court found Petitioner incompetent to

6    stand trial (Answer, Ex. A, p. 90).  On November 14, 2002, the court

7    committed Petitioner to the Patton State Hospital until his competence

8    could be restored (Answer, Ex. A, p. 88).  On February 10, 2003, the

9    court found Petitioner competent to stand trial (Answer, Ex. A,

10   p. 85).[5]

11

12       On March 14, 2003, Petitioner entered a plea of not guilty by

13   reason of insanity (Answer, Ex. A, p. 83).  On October 20, 2005, the

14   court informed Petitioner that the prosecutor was offering a plea

15   agreement whereby Petitioner would plead guilty to one count and

16   receive a sentence of twenty-five years to life (Answer, Ex. A,

17   p. 23).  On December 14, 2005, the court reiterated the offer (R.T.

18   2).  The court said: "It would be a three strike admitted two strikes

19   and pleading [sic] to one count for 25-to-life" (R.T. 2).  In a

20   discussion with Petitioner, the court stated:

21

22           You need to know if convicted, it looks to me like you

23       would probably end up with in excess of 50 years to life.

24       The district attorney is offering half of that.  That's a

25

26   _____

27       [5]    Petitioner alleges that a doctor at the Patton State
     Hospital said that Petitioner would not be at Patton long because
     Petitioner was "nothing but a three striker trying to play
28   mentally ill" (Reply, p. 2).

4

1 | big reduction.

2

3 | (R.T. 3).  The court also said it was willing to recommend the post-

4 | sentencing housing placement requested by Petitioner's counsel (R.T.

5 | 3-4).  The court said that if Petitioner declined the offer,

6 | Petitioner could "receive easily 50 years to life, two separate 25-to-

7 | life sentences" (R.T. 4).[6]

8

9 | Petitioner said: "I'll sign it.  I'll sign it" (R.T. 4).

10 | Petitioner said that he "had no choice" and was "running on fear"

11 | (R.T. 4).  The court told Petitioner that, if Petitioner were

12 | convicted, the law would require "very, very serious and high

13 | sentencing" (R.T. 4).  Petitioner then conferred with his counsel

14 | (R.T. 5).

15

16 | Thereafter, the prosecutor described the prosecution's evidence

17 | against Petitioner (R.T. 6-9).  The court told Petitioner that the

18 | court "could easily envision a scenario where a jury or trier of fact

19 | might convict you" (R.T. 9).  Petitioner said he wanted to enter the

20 | plea (R.T. 9).

21

22 | Following another discussion between Petitioner and his counsel,

23 | the court showed Petitioner a change of plea form indicating that

24 | Petitioner would plead guilty to evading an officer and would admit

25 | the two strikes (R.T. 10).  The court said the sentence on the evading

26 | charge "would ordinarily carry 16 months, two years or three years,"

27 | _____

28 | [6]     The court viewed the burglary and the evading counts as
two separate crimes warranting consecutive sentencing (R.T. 4).

but that the strikes would elevate the sentence to twenty-five years to life (R.T. 10). Petitioner corrected his date of birth on the form, and confirmed that the form bore Petitioner's signature and initials (R.T. 10-11). Petitioner said he had no questions concerning the form, his rights, or his sentencing, and said he had resolved all questions in consultation with his attorney (R.T. 11). The court advised Petitioner of his constitutional rights, and Petitioner said he understood those rights (R.T. 11-12). Petitioner said that no one had made any other promises or representations to Petitioner in exchange for his plea, and that no one had threatened or forced Petitioner to enter the plea (R.T. 12-13). Petitioner confirmed that he had had sufficient time to consult with counsel regarding his rights, his potential defenses, and the possible penalties, punishments and consequences of the plea (R.T. 13). Petitioner's counsel acknowledged that counsel had reviewed the plea agreement with Petitioner and that counsel believed Petitioner understood his rights (R.T. 14). The court found that Petitioner knowingly, freely and voluntarily waived his constitutional rights (R.T. 14).

Petitioner then pled guilty to the evading charge and admitted the two strike allegations (R.T. 15). On January 11, 2006, the court sentenced Petitioner to a term of twenty-five years to life (R.T. 19-20).

## PETITIONER'S CONTENTIONS

Petitioner contends:

///

6

1    1.   The court sentenced Petitioner to a term of twenty-five years

2   to life to which Petitioner assertedly never agreed; the attorneys and

3   the judge allegedly should have known that Petitioner suffered from

4   purported mental health problems allegedly rendering him unable to

5   understand some of the proceedings or the meaning of words such as

6   "recommend"; and

7

8    2.   The prosecutor allegedly pled guilty for Petitioner, and,

9   prior to sentencing, Petitioner's counsel assertedly told Petitioner

10   that the court would send Petitioner back to the Patton State

11   Hospital.

12

13                              **DISCUSSION**

14

15    The "Antiterrorism and Effective Death Penalty Act of 1996"

16   ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section

17   2244 to provide a one-year statute of limitations governing habeas

18   petitions filed by state prisoners:

19

20        (d)(1) A 1-year period of limitation shall apply to an

21        application for a writ of habeas corpus by a person in

22        custody pursuant to the judgment of a State court.  The

23        limitation period shall run from the latest of –

24

25        (A) the date on which the judgment became final by the

26        conclusion of direct review or the expiration of the time

27        for seeking such review;

28   ///

                                  7

1     (B) the date on which the impediment to filing an

2     application created by State action in violation of the

3     Constitution or laws of the United States is removed, if the

4     applicant was prevented from filing by such State action;

6     (C) the date on which the constitutional right asserted was

7     initially recognized by the Supreme Court, if the right has

8     been newly recognized by the Supreme Court and made

9     retroactively applicable to cases on collateral review; or

11     (D) the date on which the factual predicate of the claim or

12     claims presented could have been discovered through the

13     exercise of due diligence.

15     (2) The time during which a properly filed application for

16     State post-conviction or other collateral review with

17     respect to the pertinent judgment or claim is pending shall

18     not be counted toward any period of limitation under this

19     subsection.

21     Because Petitioner did not appeal, his conviction became final on

22 March 13, 2006, sixty days from the date of sentencing.  See Mendoza

23 v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); People v. Knauer, 206

24 Cal. App. 3d 1124, 1127 & n.2, 253 Cal. Rptr. 910 (1988); former Cal.

1    Ct. R. 30.1(a).[7]  Therefore, the statute of limitations commenced

2    running on March 14, 2006, unless subsections B, C or D of 28 U.S.C.

3    section 2244(d)(1) apply in the present case.  See 28 U.S.C. §

4    2244(d)(1)(A); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010)

5    (AEDPA statute of limitations is not tolled between the conviction's

6    finality and the filing of the first state collateral challenge).

7

8         Subsection B of section 2244(d)(1)(B) is inapplicable.

9    Petitioner has failed to demonstrate that any illegal conduct by the

10   state or those acting for the state "made it impossible for him to

11   file a timely § 2254 petition in federal court."  See Ramirez v.

12   Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009).

13

14        Subsection C of section 2244(d)(1) is also inapplicable.

15   Petitioner does not assert any claim based on a constitutional right

16   "newly recognized by the Supreme Court and made retroactively

17   applicable to cases on collateral review."  See Dodd v. United States,

18   545 U.S. 353, 360 (2005) (construing identical language in section

19   2255 as expressing "clear" congressional intent that delayed accrual

20   inapplicable unless the United States Supreme Court itself has made

21   the new rule retroactive); Tyler v. Cain, 533 U.S. 656, 664-68 (2001)

22   (for purposes of second or successive motions under 28 U.S.C. section

23   2255, a new rule is made retroactive to cases on collateral review

24   only if the Supreme Court itself holds the new rule to be

25   retroactive); Peterson v. Cain, 302 F.3d 508, 511-15 (5th Cir. 2002),

26   _____

27        [7]    Effective January 1, 2007, California Rule of Court
     8.308(a) superseded former California Rule of Court 30.1 with
28   regard to appeals in criminal cases.

1  cert. denied, 537 U.S. 1118 (2003) (applying anti-retroactivity

2  principles of Teague v. Lane, 489 U.S. 288 (1989) to analysis of

3  delayed accrual rule contained in 28 U.S.C. section 2244(d)(1)(C)).

4

5      Petitioner does not argue, and the record does not show, that

6  section 2244(d)(1)(D) furnishes an accrual date later than March 14,

7  2006 for Petitioner's claims.  Under section 2244(d)(1)(D), "[t]ime

8  begins when the prisoner knows (or through diligence could discover)

9  the important facts, not when the prisoner recognizes their legal

10 significance."  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir.

11 2001) (citation and internal quotations omitted); see United States v.

12 Pollard, 416 F.3d 48, 55 (D.D.C. 2005), cert. denied, 547 U.S. 1021

13 (2006) (habeas petitioner's alleged "ignorance of the law until an

14 illuminating conversation with an attorney or fellow prisoner" does

15 not satisfy the requirements of section 2244(b)(1)(D)).  Petitioner

16 plainly knew or should have known, by March 14, 2006, the "important

17 facts" on which he bases his claims concerning his plea agreement, the

18 plea proceedings and Petitioner's sentence.

19

20     Therefore, the statute of limitations began running on March 14,

21 2006, and, absent tolling, would have expired on March 13, 2007.  See

22 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied,

23 534 U.S. 978 (2001).  Petitioner constructively filed the present

24 Petition on December 16, 2010.[8]  Absent sufficient tolling, the

25 Petition is untimely.

26 ///

27 _____

28      [8]   See Porter v. Ollison, 620 F.3d at 958 (prison mailbox rule applies to federal habeas petitions).

1    Section 2244(d)(2) tolls the statute of limitations during the

2    pendency of "a properly filed application for State post-conviction or

3    other collateral review."  Petitioner is not entitled to statutory

4    tolling between the date his conviction became final and the date he

5    filed his Superior Court petition.  See Nino v. Galaza, 183 F.3d 1003,

6    1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000).  The statute

7    of limitations thus ran for 297 days until January 4, 2007, when

8    Petitioner filed his Superior Court petition,[9] and was tolled until

9    the Superior Court denied the petition on August 16, 2007.  As of

10   August 16, 2007, 68 days remained in the limitations period.

11

12   Petitioner waited almost two years before filing his California

13   Supreme Court petition on May 26, 2009.[10]  In certain circumstances a

14   habeas petitioner may be entitled to "gap tolling" between the denial

15   of a state habeas petition and the filing of a "properly filed" habeas

16   petition in a higher state court.  See Carey v. Saffold, 536 U.S. 214,

17   219-21 (2002).  However, an untimely state habeas petition is not a

18   "properly filed" petition for purposes of statutory tolling under

19   section 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 412-13 (2005);

20   see also Allen v. Siebert, 552 U.S. 3, 6-7 (2007); Carey v. Saffold,

21   536 U.S. at 225 (California state habeas petition filed after

22   ───────────────────

23   [9]    The Court assumes arguendo that Petitioner filed his
     Superior Court petition on its signature date, January 4, 2007.
24   See Porter v. Ollison, 620 F.3d at 958 (prison mailbox rule
     applies to state habeas petitions); Stillman v. LaMarque, 319
25   F.3d 1199, 1201-02 (9th Cir. 2003) (same).

26   [10]   The Court assumes arguendo that Petitioner filed his
     California Supreme Court petition on its signature date, May 26,
27   2009.  See Porter v. Ollison, 620 F.3d at 958 (prison mailbox
     rule applies to state habeas petitions); Stillman v. LaMarque,
28   319 F.3d 1199, 1201-02 (9th Cir. 2003) (same).

11

Case 5:11-cv-00163-ABC-E   Document 24   Filed 10/03/11   Page 14 of 22   Page ID #:286
Case 5:11-cv-00163-ABC -E   Document 21-1   Filed 08/23/11   Page 12 of 22   Page ID
#:236

1  unreasonable delay not "pending" for purposes of section 2244(d)(2));

2  see also Evans v. Chavis, 546 U.S. 189, 191 (2006) ("The time that an

3  application for state postconviction review is 'pending' includes the

4  period between (1) a lower court's adverse determination, and (2) the

5  prisoner's filing of a notice of appeal, *provided that* the filing of

6  the notice of appeal is timely under state law") (citation omitted).

7

8      The California Supreme Court denied Petitioner's petition without

9  comment.  Where, as here, a state court denies a habeas petition

10  without a "clear indication" that the petition was timely or untimely,

11  a federal habeas court "must itself examine the delay in each case and

12  determine what the state courts would have held in respect to

13  timeliness."  Evans v. Chavis, 546 U.S. at 198; see also Banjo v.

14  Ayers, 614 F.3d 964, 969 (9th Cir. 2010), cert. denied, ___ U.S. ___,

15  2011 WL 2437057 (2011) ("We cannot infer from a decision on the

16  merits, or a decision without explanation, that the California court

17  concluded that the petition was timely.") (citation omitted).

18

19      In California, a petition is timely if filed within a "reasonable

20  time" after the petitioner learns of the grounds for relief.  Carey v.

21  Saffold, 536 U.S. at 235 (citations omitted).  In Evans v. Chavis, the

22  petitioner delayed over three years before filing his California

23  Supreme Court habeas petition, and failed to provide justification for

24  six months of this delay.  Evans v. Chavis, 546 U.S. at 192, 201.  The

25  Supreme Court deemed the petition untimely, finding "no authority

26  suggesting, . . . [or] any convincing reason to believe, that

27  California would consider an unjustified or unexplained 6-month filing

28  delay 'reasonable.'"  Id. at 201.

12

1    The Ninth Circuit has held unreasonable gaps much shorter than

2  the gap in the present case.  See Velasquez v. Kirkland, 639 F.3d 964,

3  968 (9th Cir. 2011) (unjustified gaps of 91 and 81 days unreasonable);

4  Banjo v. Ayers, 614 F.3d at 970 (unexplained gap of 146 days

5  unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)

6  (unjustified gaps of 115 and 101 days unreasonable).  In accordance

7  with these authorities, Petitioner is not entitled to gap tolling in

8  the present case.

9

10    Petitioner's subsequently-filed California Supreme Court petition

11  cannot revive the expired statute.  See Ferguson v. Palmateer, 321

12  F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("section

13  2244(d) does not permit the reinitiation of the limitations period

14  that has ended before the state petition was filed"); Jiminez v. Rice,

15  276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003)

16  (filing of state habeas petition "well after the AEDPA statute of

17  limitations ended" does not affect the limitations bar); Webster v.

18  Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991

19  (2000) ("[a] state-court petition . . . that is filed following the

20  expiration of the limitations period cannot toll that period because

21  there is no period remaining to be tolled").

22

23    Therefore, absent equitable tolling, the limitations period

24  expired on October 23, 2007 and the present Petition is untimely.

25  As discussed below, equitable tolling is unavailable.

26

27    AEDPA's statute of limitations is subject to equitable tolling

28  "in appropriate cases."  Holland v. Florida, 130 S. Ct. 2549, 2560

1  (2010) (citations omitted). "[A] 'petitioner' is entitled to

2  'equitable tolling' only if he shows '(1) that he has been pursuing

3  his claims diligently, and (2) that some extraordinary circumstance

4  stood in his way' and prevented timely filing." Id. at 2562 (quoting

5  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v.

6  Florida, 549 U.S. 327, 336 (2007).

7

8     In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth

9  Circuit held that eligibility for equitable tolling due to mental

10  impairment requires a habeas petitioner to meet a two-part test:

11

12     (1) *First*, a petitioner must show his [or her] mental

13     impairment was an "extraordinary circumstance" beyond his

14     [or her] control, see Holland, 130 S. Ct. at 2562, by

15     demonstrating the impairment was so severe that either

16

17        (a) petitioner was unable rationally or factually to

18        personally understand the need to timely file, or

19

20        (b) petitioner's mental state rendered him [or her]

21        unable personally to prepare a habeas petition and

22        effectuate its filing.

23

24     (2) *Second*, the petitioner must show diligence in pursuing

25     the claims to the extent he [or she] could understand them,

26     but that the mental impairment made it impossible to meet

27     the filing deadline under the totality of the circumstances,

28     including reasonably available access to assistance.  See

Case 5:11-cv-00163-ABC-E  Document 24  Filed 10/03/11  Page 17 of 22  Page ID #:289
Case 5:11-cv-00163-ABC -E  Document 21-1  Filed 08/23/11  Page 15 of 22  Page ID
#:239

1    <u>id.</u>

2

3    To reiterate: the "extraordinary circumstance" of mental

4    impairment can cause an untimely habeas petition at

5    different stages in the process of filing by preventing

6    petitioner from understanding the need to file, effectuating

7    a filing on his [or her] own, or finding and utilizing

8    assistance to file.  The "totality of the circumstances"

9    inquiry in the second prong considers whether the

10    petitioner's impairment was a but-for cause of any delay.

11    Thus, a petitioner's mental impairment might justify

12    equitable tolling if it interferes with the ability to

13    understand the need for assistance, the ability to secure

14    it, or the ability to cooperate with or monitor assistance

15    the petitioner does secure.  The petitioner therefore always

16    remains accountable for diligence in pursuing his or her

17    rights.

18

19  <u>Bills v. Clark</u>, 628 F.3d at 1099-1100 (footnote omitted).

20

21    Petitioner contends that he suffers from unspecified mental

22  problems allegedly as the result of a gunshot wound to the skull

23  suffered in the early 1990s (Reply, p. 2).  Petitioner asserts that he

24  received inadequate treatment at the Patton State Hospital during the

25  period of his alleged incompetence to stand trial, and that he

26  assertedly still suffers from a "mental illness" (Reply, pp. 2, 4-5).

27  ///

28  ///

1  Petitioner's conclusory allegations that some unidentified mental

2  problems prevented Petitioner from filing a timely petition do not

3  suffice to show an entitlement to equitable tolling.  See George v.

4  Horel, 2011 WL 3359560, at *5 (C.D. Cal. June 14, 2011), adopted 2011

5  WL 3349828 (C.D. Cal. July 31, 2011) (rejecting tolling based on

6  alleged mental illness where petitioner did not provide any details

7  concerning his diagnosis, medication or side effects, or how his

8  alleged mental problems "affected his specific decision to file [a

9  petition] in federal court rather than exhaust his state court

10  remedy"); Stanfield v. Allison, 2011 WL 1253893, at *3 (E.D. Cal.

11  Mar. 31, 2011) ("vague and conclusory" allegations regarding

12  petitioner's asserted mental limitations insufficient to warrant

13  equitable tolling); see generally San Martin v. McNeil, 633 F.3d 1257,

14  1268 (11th Cir. 2011), pet. for cert. filed (No. 10-10678) (May 20,

15  2011) ("Mere conclusory allegations are insufficient to raise the

16  issue of equitable tolling.") (citations omitted).  Additionally,

17  Petitioner's demonstrated ability to prepare and file his Superior

18  Court petition and his California Supreme Court petition in 2007 and

19  2009, respectively, proves that his alleged mental illness did not

20  render him "unable rationally or factually to personally understand

21  the need to timely file" or unable "personally to prepare a habeas

22  petition and effectuate its filing."  See Bills v. Clark, 628 F.3d at

23  1099-1100 (footnote omitted); see also Roberts v. Marshall, 627 F.3d

24  768, 773 (9th Cir. 2010), pet. for cert. filed (No. 11-5243) (July 8,

25  2011) (equitable tolling on account of alleged mental illness

26  unavailable where petitioner "managed to file several petitions for

27  post-conviction relief in state court during the time for which

28  [petitioner sought] equitable tolling").

1    Nor has Petitioner shown that he acted diligently.  To be

2  entitled to equitable tolling, "[a] petitioner must show that his [or

3  her] untimeliness was caused by an external impediment and not by his

4  [or her] own lack of diligence." Bryant v. Arizona Attorney General,

5  499 F.3d 1056, 1062 (9th Cir. 2007) (citation omitted).  Petitioner

6  "must diligently seek assistance and exploit whatever assistance is

7  reasonably available." Bills v. Clark, 628 F.3d at 1100.  "The court

8  should examine whether the petitioner's mental impairment prevented

9  him [or her] from locating assistance or communicating with or

10 sufficiently supervising any assistance actually found." Id.

11 Petitioner has not alleged any facts showing that he attempted to

12 obtain assistance in order to file a timely petition, or that his

13 alleged mental problems prevented him from locating or communicating

14 with others for assistance.  Hence, Petitioner has not shown he acted

15 diligently to file a timely petition.

16

17    Finally, Petitioner's contention that his counsel failed to

18 perfect an appeal (see Reply, p. 5) also does not warrant equitable

19 tolling.  See Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.),

20 cert. denied, 131 S. Ct. 474 (2010) (counsel's failure to perfect

21 appeal and incorrect advice regarding state filing deadlines did not

22 prevent petitioner from filing a timely federal petition).

23

24    For the foregoing reasons, Petitioner is not entitled to

25 equitable tolling.  The Petition is untimely.

26 ///

27 ///

28 ///

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition with prejudice.

DATED:  August 23, 2011.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

If the District Judge enters judgment adverse to Petitioner, the District Judge will, at the same time, issue or deny a certificate of appealability.  Within twenty (20) days of the filing of this Report and Recommendation, the parties may file written arguments regarding whether a certificate of appealability should issue.

# CALIFORNIA APPELLATE COURTS



### Case Information

| Supreme Court | ## Supreme Court | | Change court |

Court data last updated: 08/17/2011 01:05 PM

**Case Summary   Docket   Briefs
Disposition   Parties and Attorneys**

## Docket (Register of Actions)

**SMITH (JEFFREY Y.) ON H.C.**
**Case Number S173337**

| Date | Description | Notes |
|---|---|---|
| 06/01/2009 | Petition for writ of habeas corpus filed | Petitioner: Smith, Jeffrey Y. |
| 10/14/2009 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

©2009 Judicial Council of California

Welcome  Search  E-mail  Calendar  Help  Options  C|C home